**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT G. SMITH, | No. 12-56732 |
| Petitioner - Appellee, | D.C. No. 8:06-cv-00752-DDP-FMO |
| v. | |
| GEORGE A. NEOTTI, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: FERNANDEZ and GRABER, Circuit Judges, and ZOUHARY,[**]
District Judge.

Respondent George Neotti appeals the district court's order granting a writ

of habeas corpus to Petitioner Robert Smith. Reviewing de novo, Lujan v. Garcia,

734 F.3d 917, 923 (9th Cir. 2013), we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

The district court erred in holding that insufficient evidence supported Petitioner's conviction under California Health and Safety Code section 11350(a) for possessing black-tar heroin. Viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the elements, including the element that Petitioner possessed a "usable quantity" of heroin, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Deputy Sheriff Wayne Byerley testified that, in his opinion, which rested on his training and experience, the heroin that he had found in Petitioner's possession was a usable quantity. Regardless of the total weight of the heroin and regardless of the testimony of the scientist, the jury could have credited Deputy Byerley's testimony on usable quantity. See United States v. Nevils, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc) ("We cannot second-guess the jury's credibility assessments; rather, 'under Jackson, the assessment of the credibility of witnesses is generally beyond the scope of review.'" (quoting Schlup v. Delo, 513 U.S. 298, 330 (1995))).

**REVERSED.**